UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVE GROUP FZ-LLC, Petitioner, -v- CITIBANK, N.A., Respondent. | 25 Misc. 432 (JPC) ORDER |

JOHN P. CRONAN, United States District Judge:

On September 30, 2025, Petitioner Olive Group FZ-LLC ("Olive Group") filed a petition for the issuance of a writ of execution and turnover judgment against Respondent Citibank, N.A. ("Citibank") to aid in the enforcement of a judgment entered in favor of Olive Group, for $15,286,002.30 with interest, against non-party judgment debtor Afghanistan Civil Aviation Authority ("ACAA") in the United States District Court for the District of Columbia, *Olive Grp. FZ-LLC v. Afghanistan Civ. Aviation Auth.* ("*Olive Group I*"), No. 24 Civ. 2170 (SLS), Dkt. 27 (July 25, 2025), pursuant to Federal Rule of Civil Procedure 69(a)(1) and New York Civil Practice Law and Rules § 5225(b). Dkt. 1. Olive Group filed an Amended Petition on October 28, 2025. Dkt. 7 ("Petition"). Citibank filed an Answer in response to the Amended Petition on December 15, 2025, Dkt. 16 ("Answer"), and Olive Group filed a Reply in further support of its Amended Petition on January 5, 2026, Dkt. 17 ("Reply"). On August 13, 2026, Olive Group filed a letter showing guidance from the Swiss State Secretariat for Economic Affairs ("SECO") that "funds belonging to the ACAA and deposited in a Swiss bank account" could be used to satisfy a judgment

in favor of Olive Group in a different case. Dkt. 20. Citibank responded to Olive Group's letter on August 27, 2026, Dkt. 22, and Olive Group filed a sur-reply on September 4, 2026, Dkt. 23.

Having reviewed those submissions, the Court concludes that additional information is needed before it may rule on the Amended Petition. The parties shall provide the following by December 7, 2026:

1. Olive Group shall file a letter providing an update as to whether the Office of Foreign Assets Control ("OFAC") responded to its request for interpretive guidance. On January 5, 2026, Olive Group noted in its reply brief that, on November 13, 2025, it had submitted "an interpretive guidance request to OFAC as to, *inter alia*, (a) whether or not the [Bank-e-Millie Afghan ("BMA")][1] nostro account constitutes blocked property under Executive Order ('E.O.') 13224 and 31 C.F.R. § 594.201; (b) if the BMA account constitutes blocked property, whether or not OFAC GL 20 authorizes execution on the BMA nostro account; and (c) if not, requesting a specific license authorizing such execution." Reply at 10. Citibank observed in its letter of August 27, 2026 that Olive Group had yet to provide an update on this inquiry. Dkt. 22 at 2.
2. Olive Group shall provide proof of service of the *Olive Group I* judgment and the Amended Petition and its exhibits to ACAA. Olive Group maintained that "the Judgment Debtor was properly served . . . with a copy of the Judgment on November 6, 2026," but cites to an exhibit that contains only a copy of the Opinion of the district judge in *Olive Group I* and provides no indication of service of the judgment in that case. Reply at 27 (citing Petition, Exh. B). Similarly, Olive Group argues that it "mailed copies of the Amended

[1] Oliver Group seeks to enforce the *Olive Group I* judgment through funds held at Citibank by BMA. Petition ¶ 2. According to Olive Group, BMA is "solely owne[d]" by the government of Afghanistan. *Id.* ¶ 3.

Petition and its exhibits on December 20, 2025 and December 17, 2025" to "BMA and the Judgment Debtor," but cites to exhibits containing tracking information with no indication of what was actually served. *Id.* (citing Reply, Exhs. B, C). Nor is there any indication on the docket that BMA or ACAA was served. Thus, it remains unclear whether the relevant parties have received notice of this proceeding. *See* 28 U.S.C. § 1608(e) ("A copy of any such default judgment shall be sent to the foreign state or political subdivision . . . ."); N.Y. C.P.L.R. § 5225(b) ("Notice of the proceeding shall also be served upon the judgment debtor in the same manners as a summons or by registered or certified mail, return receipt requested.").

3. Citibank shall file a declaration of a person with knowledge as to the status of BMA's account with Citibank. BMA's Audited Statements for the year ended December 20, 2024 states, "As at year-end, [BMA] held account balance totaling USD 28.52 million . . . with the Citibank New York. However, Citibank New York has not confirmed this balance and replied that the account is closed. As per management, due to political developments, this balance was transferred to Federal Reserve Bank NY (FRB NY), and management is pursuing this with FRB NY." Reply, Exh. A.

4. Citibank shall file a supplemental brief responding to the arguments in Olive Group's Reply dated January 5, 2026.

Olive Group shall serve a copy of this Order on ACAA and BMA, and shall file proof of such service by December 1, 2026.

SO ORDERED.

Dated: November 16, 2026
New York, New York

JOHN P. CRONAN
United States District Judge